FILED

02 JAN 25 PM 1:15

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEVIN COLLIER,**

**Plaintiff**

**v.**

**UNITED DOMINION REALTY TRUST, INC., a foreign corporation, and CIGNA HEALTHCARE, INC. a domestic corporation**

**Defendants.**

**CASE NO.:** 8:02-cv-157-T-23 MAP

**COMPLAINT FOR DAMAGES, CIVIL PENALTIES, EQUITABLE RELIEF, AND ATTORNEY'S FEES AND COSTS FOR VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)**

________________________________/

## STATEMENT OF THE CASE

1. Plaintiff seeks relief for the defendants' breach of their federal statutory obligation to provide continuation of group health coverage and notice of a qualifying event pursuant to 29 U.S.C. §1161, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 1337, as well as 29 U.S.C. § 1132(e).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because the defendants conduct business in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is an individual who, within the applicable statute of limitations prior to the commencement of this action, was employed by Defendant, United Dominion Realty Trust, Inc., and was at all times relevant to this action an "employee" within the meaning of that term as defined by 29 U.S.C. §1002(6). At all times relevant to this action, Plaintiff was

T013863
$150.00

a "beneficiary" of an "employee welfare benefit plan" as those terms are defined by 29 U.S.C. § 1002(1) and (8).

5. At all times relevant to this action, Defendant, United Dominion Realty Trust, Inc., was Plaintiff's "employer" and the "plan sponsor" as those terms are defined by 29 U.S.C. § 1002(5) and (16)(b). Defendant, United Dominion Realty Trust, Inc., is a foreign, for-profit corporation, headquartered in Richmond, VA, and doing business in the State of Florida, and in Hillsborough County, Florida.

6. At all times relevant to this action, Defendant, CIGNA Healthcare of Florida, Inc., was the "administrator" of the employee welfare benefit plan as that term is defined in 29 U.S.C. § 1002(16). Defendant, CIGNA Healthcare of Florida, Inc., is a Florida, for-profit corporation, headquartered in Tampa, Florida, and doing business in the State of Florida, and in Hillsborough County, Florida.

## ERISA/COBRA VIOLATIONS

7. As a condition precedent to settling a state workers' compensation claim with Defendant, United Dominion Realty Trust, Inc., Plaintiff voluntarily resigned his employment on or about July 26, 2000. This was a "qualifying event" as that term is defined by 29 U.S.C. § 1163 (2001).

8. Defendant, United Dominion Realty Trust, Inc., failed to notify the administrator, "Defendant, CIGNA Healthcare of Florida, Inc." of this qualifying event.

9. Defendant, CIGNA Healthcare of Florida, Inc., failed to notify Plaintiff that his resignation was a qualifying event, entitling him to continued health coverage pursuant to 29 U.S.C. § 1161, *et seq.*(2001).

10. Both defendants, however, continued to provide group health insurance benefits to Plaintiff until approximately June, 2001, at which time Defendant, United

Dominion Realty Trust, Inc., notified Plaintiff that his employment had been terminated retroactive to February 4, 2000.

11. As of the filing of this Complaint, neither defendant has complied with the notice requirements of 29 U.S.C. § 1166, and neither defendant has discharged its statutory obligation to provide continued health care coverage, as required by 29 U.S.C. § 1161, *et seq*.

**RELIEF SOUGHT**

Plaintiff, KEVIN COLLIER, prays for judgment against the defendants, as follows:

(a) for compensatory damages from each named defendant, including, but not limited to, uninsured medical bills;

(b) Plaintiff demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure;

(c) Civil penalties in the amount of $100.00 per day, pursuant to 29 U.S.C. § 1132;

(d) for all costs of litigation, including attorneys' fees; and

(e) for such other legal and equitable relief as the Court deems proper.

Respectfully submitted,

**Matusek, McKnight, Poluse, & Cangro, P.A.**
Attorneys for Plaintiff
P.O. Box 7729
St. Petersburg, FL 33734-7729
Telephone: (727) 526-3444
Facsimile: (727) 522-7112

EDWARD A. DOSKEY
Florida Bar No. 127360